UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAIME DURAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CR-55 RLM |
| | ) (Arising out of: 3:19-CV-848) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Jaime Duran pleaded guilty to possessing a firearm after a felony conviction, a violation of 18 U.S.C. § 922(g)(1). The court sentenced Mr. Duran to a term of 34 months' imprisonment and a two-year period of supervised release. As part of the plea agreement, Mr. Duran waived his right to appeal his conviction and his right to file any post-conviction proceedings under 28 U.S.C. § 2255 other than an ineffective assistance of counsel claim. Mr. Duran is now requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 60]. For the following reasons, the court denies Mr. Duran's motion.

In August 2015 Mr. Duran, already a convicted felon, was arrested and charged with possessing a firearm. 18 U.S.C. § 922(g)(1). Mr. Duran pleaded guilty and informed the court that—as part of the signed plea agreement—he had agreed to waive his right, apart from an ineffective assistance of counsel claim, to collaterally attack his conviction under 28 U.S.C. § 2255 and his right to an appeal. Mr. Duran said he understood the plea agreement and that he

1

knowingly and voluntarily signed it in exchange for the government's recommendation of the third level acceptance-of-responsibility credit and a recommendation of a sentence of imprisonment within the guideline range for imprisonment. The court sentenced Mr. Duran to a term of imprisonment of 34 months and a two-year period of supervised release.

Mr. Duran served his term of imprisonment, then began his term of supervised release. When Mr. Duran failed to comply with a condition of supervised release, the probation officer requested that the court revoke Mr. Duran's supervised release. Mr. Duran admitted guilt to violation of conditions of the term of supervision, and the court revoked his supervised release. After the Supreme Court decided Rehaif v. United States, 139 S. Ct. 2191 (2019) and United States v. Davis, 139 S. Ct. 2319 (2019), Mr. Duran asked that the court vacate or modify his sentence based on those cases. Mr. Duran separately asked the court to vacate his revocation of probation under United States v. Haymond, 139 S. Ct. 2369 (2019). The court denied Mr. Duran's requests, and two days later he filed this motion to vacate under 28 U.S.C. § 2255.

Mr. Duran appears to attack his sentence and conviction by alleging that there were insufficient facts to sustain his conviction. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

2

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Duran's petition can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Duran can't present his insufficiency of the evidence claim unless he establishes ineffective assistance of counsel. His written plea agreement expressly waived his right to file any post-conviction proceedings on any grounds other than ineffective assistance of counsel.

> (d) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742, or any post- conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Doc. No. 11—Filed Plea Agreement)

The waiver of § 2255 rights is enforceable. *See* United States v. Alcala, 678 F.3d 574, 577 (7th Cir.2012); Keller v. United States, 657 F.3d 675, 681 (7th Cir.2011); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). The court of appeals has held "to bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence *in addition* to waiving his right to a direct appeal." Keller v. United

States, 657 F.3d 675, 681 (7th Cir. 2011) (emphasis in original). This waiver is enforceable if made knowingly and voluntarily, id., and if not the result of ineffective assistance of counsel. Dowell v. United States, 694 F.3d 898, 902 (7th Cir. 2012).

Mr. Duran hasn't argued that his counsel was unconstitutionally ineffective. Nor has he alleged any facts that would allow the court to draw the inference that his counsel was ineffective. Instead, he argues that (1) Rehaif requires that a felon in possession "knowingly" possess a firearm (apparently arguing that the evidence didn't support a finding of knowing possession); (2) the interstate commerce requirement wasn't met, and (3) he didn't have the *mens rea* required for possession. In his plea agreement, Mr. Duran knowingly and voluntarily waived the right to challenge his conviction on the grounds presented.

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 60].

SO ORDERED.
ENTERED:  December 4, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court